NOT DESIGNATED FOR PUBLICATION

No. 112,044

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JAMES JOSEPH SNYDER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed November 6, 2015. Affirmed.

*Stephen P. Jones*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Janine Cox*, of Kansas Appellate Defender Office, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*: James Snyder pled no contest to one count of possession of methamphetamine with the intent to distribute, a drug severity level 3 felony in Labette County District Court. Prior to sentencing, Snyder filed a motion for dispositional and durational departure. After hearing testimony from Snyder's bond supervisor and arguments from both parties, the district court granted a downward dispositional departure and sentenced Snyder to 36 months' probation. The State appeals the departure sentence. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2012, Snyder was pulled over for a traffic violation in Labette County. A K-9 officer present at the scene indicated the presence of narcotics in the vehicle. Officers searched the car and found marijuana, methamphetamine, and a small black 6mm/.35 caliber handgun. Snyder and the passenger in his car, Traci Felter, were arrested and Snyder was charged with one count of possession with intent to distribute methamphetamine while in possession of a firearm, one count of possession of drug paraphernalia, and one misdemeanor count of possession of marijuana.

Snyder entered into a plea agreement with the State and pled no contest to one count of possession of methamphetamine with the intent to distribute, a drug severity level 3 felony. Prior to sentencing, Snyder filed a motion for dispositional and durational departure. In his motion, Snyder argued the district court should grant a departure because he (1) had acted appropriately since being charged with the crime, (2) had not had any adverse contact with law enforcement, (3) did not have any criminal history, (4) had supportive family with immediate family members in the Labette County area, (5) was not a threat to society, and (6) would be better served by attending treatment programs while on probation.

At the sentencing hearing, the district court heard arguments from both parties on the departure motion including testimony from Snyder's bond supervisor, Melanie Phillips. Phillips testified Snyder had failed one drug test near the beginning of his 1 1/2 years' bond supervision and had violated his no-contact order with Felter. Phillips also testified, however, that Snyder had reported as directed, complied with all requests, had scheduled a drug evaluation, and was a suitable candidate for a community-based sanction.

The district court granted the dispositional departure motion and sentenced Snyder to 36 months' probation with community corrections with an underlying 49-month prison sentence. The district court granted the departure finding, "what is contained, the factors set forth in the motion for departure are correct." The district court discussed the factors in the motion and concluded "based upon the factors set forth in the motion for departure that substantial and compelling reasons exist to grant a [dispositional] departure." The State timely appealed from the district court's decision to grant a dispositional departure.

### DID THE DISTRICT COURT ERR IN GRANTING SNYDER'S DEPARTURE MOTION?

The State alleges the district court made a number of errors during the sentencing hearing when it granted Snyder's departure motion. The State contends (1) the district court did not properly articulate the reasons for departing from presumptive prison to probation, (2) there was not substantial competent evidence in the record to support the district court's reasons for granting the departure motion, and (3) the reasons for departure were not substantial and compelling.

### DID THE DISTRICT COURT ARTICULATE THE REASONS FOR DEPARTURE ON THE RECORD?

The State first argues the district court did not articulate on the record the reasons for the departure or make findings of fact as to the reasons for the departure as required by K.S.A. 2013 Supp. 21-6817(a)(4).

K.S.A. 2013 Supp. 21-6815 governs departure sentences. K.S.A. 2013 Supp. 21-6815(a) states a district court must impose the presumptive sentence unless it finds "substantial and compelling reasons to impose a departure sentence." The district court must state the substantial and compelling reasons for the departure on the record at the time of sentencing. K.S.A. 2013 Supp. 21-6815(a).

3

K.S.A. 2013 Supp. 21-6817(a) covers the procedure for when a defendant moves for a dispositional or durational departure. The statute requires a court to hold a hearing to consider the departure, and if the court "imposes a sentence that deviates from the presumptive sentence, the court shall make findings of fact as to the reasons for the departure as provided in this subsection . . . ." K.S.A. 2013 Supp. 21-6817(a)(4).

Based on the statutes, a sentencing court must state on the record, at the time of sentencing, the substantial and compelling reasons for the departure and make findings of fact as to the reasons for departure. The findings made at the time of sentencing "govern as to reasons for the departure," and an appellate court reviewing a departure decision "will not conduct a broader search of the record to examine all facts available to the sentencing court to determine whether there were substantial and compelling reasons for departure." *State v. Blackmon*, 285 Kan. 719, 729, 176 P.3d 160 (2008). Simply put, a sentencing court must make clear its reasons for departure on the record at the sentencing hearing and an appellate court should not review any reasons for departure beyond what the sentencing court has put forth.

In *Blackmon*, the Kansas Supreme Court found a sentencing court did not make the requisite findings on the record when it granted a departure. 285 Kan. at 730. The Kansas Supreme Court rejected the sentencing court's one stated reason for departure but noted the district court may have considered other factors because it stated in the journal entry: "'Defendant's motion for downward durational departure is argued and granted for the reasons set out on the record herein.'" 285 Kan. at 730. Our Supreme Court found the sentencing court may have had additional reasons for departure but did not clearly state them on the record at the hearing. The court vacated the sentence and remanded the case to allow the sentencing court to make the required findings on the record. 285 Kan. at 732.

4

The present case can easily be distinguished from *Blackmon*. The district court in this case stated "the factors set forth in the motion for departure are correct," and "[s]o I find based upon the factors set forth in the motion for departure that substantial and compelling reasons exist to grant a durational departure." In *Blackmon,* it was unclear what, if anything, the district court considered in the record as the basis for its decision to grant the departure. In this case, the district court points specifically to the factors set out in Snyder's departure motion. The district court continued on to discuss facts supporting the factors stated in the departure motion. There was no mystery in this case as to what factors the district court relied on to grant the departure motion. The district court complied with the statutory requirements that it state on the record the factors and supporting facts it relied on in making its decision.

WAS THERE SUBSTANTIAL COMPETENT EVIDENCE IN THE RECORD TO SUPPORT THE DISTRICT COURT'S REASONS FOR GRANTING THE DEPARTURE MOTION?

The State argues the reasons the district court relied on to grant the departure were not supported by the record. When the question is whether the record supports the particular reasons for a departure articulated by the sentencing judge, an appellate court applies the substantial competent evidence standard of review. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). Substantial evidence refers to legal and relevant evidence that a reasonable person might accept as being sufficient to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

As mentioned above, the district court found that the reasons stated in Snyder's departure motion were sufficient to support a departure. The district court discussed specific reasons on the record including:  Snyder acted appropriately since being charged; Snyder had no criminal history; Snyder's family was supporting him; and Snyder took responsibility for his actions.

5

The State contends that despite what the district court found, there is no evidence in the record to support these reasons. In its argument, however, the State seems to ask this court to adopt its view of the evidence to find that there is not substantial competent evidence to support the district court's findings. For example, when the district judge stated Snyder had acted appropriately since being charged and noted, "I don't know what you mean by appropriately, but I'm unaware of any contact with law enforcement, and this has been pending for 17 months. No additional charges, no evidence of violating the law has come to my attention." The district court explained why it believed Snyder had acted appropriately. The State argues there is no evidence to support that finding because Snyder had tested positive for methamphetamine while on bond supervision and had violated a no-contact order. The State seems to ask this court to ignore the district court's findings in favor of its view of the evidence.

The district court also considered Snyder had no criminal history. Snyder had an I criminal history score. Although the State contends criminal history score should not be considered as a reason for departure, its argument is misplaced. The issue here is not whether the reason should be considered, but whether there was substantial competent evidence to support the finding. Because Snyder had an I criminal history, the district court's finding he had no criminal history was supported by substantial competent evidence.

The State also argues the record does not support the district court's reliance on Snyder's family support. During the sentencing hearing, Snyder's attorney explained Snyder has "considerable family support in the area," including his daughter, sister, son-in-law, and niece. These family members were present in the courtroom during Snyder's sentencing. The district court obviously relied on this statement and the presence of Snyder's family in court to make its findings. The decision was supported by substantial competent evidence.

6

Finally, the State argues there was no evidence in the record to support the district court's finding that Snyder took responsibility for his actions. The district judge stated:

"And this does impress me. Mr. Snyder has taken responsibility. I kind of gathered throughout the course of this trial that's been pending for a year and a half that he wasn't. That he was trying to blame somebody else. But he says there's no excuse for what [he] did. I guess I just wanted in where I didn't belong. And he acknowledges that he was hurting everyone that cared for him and couldn't see it then as he sees it now."

The State claims the fact Snyder pled no contest to the charge, never apologized directly for his actions, and waited until just before sentencing to get a drug evaluation as evidence he did not take responsibility for his actions. Again, the State is asking this court to adopt its version of the evidence to conclude there is not substantial competent evidence to support the district court's finding. The district court noted Snyder acknowledged there was no excuse for his actions and he was hurting everyone that cared for him. The district court was in a better position to judge Snyder's demeanor and remorse. It is not for this court to reweigh the evidence or pass on the credibility of the witnesses. See *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

There was substantial competent evidence in the record to support the district court's findings for granting a durational departure.

WERE THE REASONS FOR THE DEPARTURE SUBSTANTIAL AND COMPELLING?

The State finally argues the district court's reasons for departure were not substantial and compelling. When the question is whether a sentencing judge correctly concluded that particular mitigating factors constituted substantial and compelling reasons to depart in a particular case, including whether those mitigating factors outweighed any aggravating factors if such a balance was necessary, the appellate standard of review is abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d

7

256 (2011). Whether the factors relied upon are, in fact, substantial and compelling reasons for departure is a question of law and should be reviewed de novo. 291 Kan. at 807.

Under K.S.A. 2013 Supp. 21-6815(a), a sentencing court shall impose the presumptive sentence unless it finds substantial and compelling reasons to impose a departure sentence. The Kansas Supreme Court has stated:

> "To be substantial the reason must be real, not imagined, and of substance, not ephemeral. To be compelling the reason must be one which forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose. [Citation omitted.]" *Blackmon*, 285 Kan. at 724.

K.S.A. 2013 Supp. 21-6815(c) provides a nonexclusive list of substantial and compelling departure factors, but sentencing courts may consider nonstatutory factors "as long as there is evidence in the record to support such factors and the use of the factors would be consistent with the intent and purposes of the sentencing guidelines." 285 Kan. at 725. The Kansas Supreme Court has discussed the intent and purposes of the sentencing guidelines and has recognized three legislative purposes of the guidelines:  (1) reduce prison overcrowding, (2) protect public safety, and (3) standardize sentences so similarly situated offenders are treated the same in order to reduce the effects of racial or geographic bias. *State v. Favela*, 259 Kan. 215, 233-34, 911 P.2d 792 (1996) (citing *State v. Gonzalez*, 255 Kan. 243, 249, 874 P.2d 612 [1994]).

Our Supreme Court has stated that a departure sentence should be upheld so long as one factor relied upon by the sentencing court is substantial and compelling or if all the factors "taken collectively constitute a substantial and compelling basis for departure." *Blackmon*, 285 Kan. at 725.

In the present case, each of the factors must be reviewed to determine if the factors are substantial and compelling as a matter of law and whether they constitute substantial and compelling reasons for the departure. As mentioned above, the district court found the reasons stated in the departure motion were substantial and compelling reasons to justify a departure. During the sentencing hearing, the district court focused on the following four factors: Snyder acted appropriately since being charged; Snyder had no criminal history; Snyder's family was supporting him; and Snyder took responsibility for his actions.

*Snyder acted appropriately since being charged*

The district court noted Snyder had not picked up any additional charges or had any contact with law enforcement in the 17 months the case had been pending.

*Snyder had no criminal history*

The State directs this court to *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995), as authority to support its argument that criminal history score alone is not a substantial and compelling reason for departure. In *Richardson*, a district court granted a defendant's departure motion because the "'[o]ffenses which caused him to fall within the presumed prison sentence category occurred 14 years ago and since that time none of Defendant's offenses have been person or violent crimes and no felony within last 10 years.'" 20 Kan. App. 2d at 934. The State appealed arguing the district court should not have considered the defendant's criminal history as a departure factor because the sentencing guidelines already take the defendant's criminal history into account in determining the presumptive sentence within the grid. This court found the district court considered not solely the defendant's criminal history score, but rather the time that had elapsed since he committed his last felony. 20 Kan. App. 2d at 941-42. This court held:

9

> "Because the sentencing grid does not take into account the time elapsed since a defendant's last felony conviction, a sentencing court can consider this factor in sentencing. The time elapsed since a defendant's last felony conviction may provide a substantial and compelling reason for a departure sentence, depending upon the facts of the case." 20 Kan. App. 2d at 942.

This court considered this factor in light of the purposes of the Kansas Sentencing Guidelines Act (KSGA) and determined the district court did not err on relying on this factor to justify a departure.

Our Supreme Court has also adopted this rule, holding a district court may use a defendant's criminal history score to justify a departure if it relies on the factor in a way the criminal history score did not take into account. See *Favela*, 259 Kan. at 236.

In the present case, the district court seemed to consider Snyder's lack of criminal history as part of a totality of circumstances that included the fact that he had not had any contact with law enforcement in the 17 months the case had been pending. It seems clear the district court did not consider Snyder's lack of criminal history alone, but as a factor that tended to show Snyder was amenable to probation and was not a repeat offender.

*Snyder's family was supporting him*

A panel of this court recently recognized "good character, family, and community support ordinarily carry some weight as mitigating factors." *State v. Theurer*, 50 Kan. App. 2d 1203, 1242, 337 P.3d 725 (2014). In *Theurer*, the defendant was driving under the influence and caused a head-on collision that killed two people. The district court granted the defendant a dispositional departure and sentenced him to 36 months' probation based on the fact "the defendant [was] an exceptional person with the potential to provide a great benefit to society." 50 Kan. App. 2d at 1204-05. A panel of this court

found the fact the defendant was an "exceptional person" did not warrant a departure and was inconsistent with the purpose of the KSGA. 50 Kan. App. 2d at 1223-24.

This court recognized that good character, family, and community support can be viewed as mitigating factors when deciding whether to grant a departure. However, these mitigating factors did not warrant a departure because the district court overlooked evidence that the defendant had not taken responsibility for his actions and was not amenable to rehabilitation and the mitigating factors "pale[d] in significance" given the aggravated nature of the crimes and the harms to the victims involved. 50 Kan. App. 2d at 1242. Notably, this court added: "[I]n a more typical case involving less serious crimes, less culpability, and less deadly consequences, the totality of these mitigating factors might have supported departure sentences. But that is not the case before us." 50 Kan. App. 2d at 1242.

The present case can be distinguished from *Theurer*. Here, the district court considered Snyder's family support as one factor amongst many rather than a singular finding that a defendant was "an exceptional person." This court may consider family support as a substantial and compelling reason to justify a departure.

*Snyder took responsibility for his actions*

The district court noted it was "impress[ed]" that Snyder took responsibility for his actions. Our Supreme Court has held that acceptance of responsibility can be a mitigating factor in support of a departure, and acceptance of responsibility is an appropriate nonstatutory factor because it is consistent with the purposes of the KSGA. See *Bird*, 298 Kan. at 399. This court may consider acceptance of responsibility as a substantial and compelling factor to justify departure.

Because all of the factors relied upon by the district court may legally be considered as nonstatutory factors to justify a departure, it must be determined whether these factors, as applied in the present case, did justify a departure. A departure sentence should be upheld so long as one factor relied upon by the sentencing court is substantial and compelling or if all the factors "taken collectively constitute a substantial and compelling basis for departure." *Blackmon*, 285 Kan. at 725. If the factors relied upon by the district court are consistent with the intent and purposes of the sentencing guidelines, the departure should be upheld.

Here, the district court found the decision to grant the departure was a "no brainer" because "prison doesn't make people better citizens, generally, and it's punishment for the sake of punishment." The district court considered the factors in light of the purposes of the KSGA—(1) reduce prison overcrowding, (2) protect public safety, and (3) standardize sentences so similarly situated offenders are treated the same in order to reduce the effects of racial or geographic bias. The district court found Snyder was amenable to probation and was not a threat to public safety based on his lack of criminal history, his good behavior while the case was pending, the fact he took responsibility for his actions, and his family support. Taking all of these factors into consideration, we find the district court did not abuse its discretion when it granted Snyder's departure motion.

Affirmed.