(901 P.2d 1)
No. 71,311

STATE OF KANSAS, *Appellant*, v. JERRY D. RICHARDSON, JR.,
*Appellee.*

Opinion filed April 21, 1995.

*Jennifer M. Wieland,* assistant county attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*Rebecca Woodman* and *Reid T. Nelson,* assistant appellate defenders, and *Jessica R. Kunen,* chief appellate defender, for the appellee.

Before BRISCOE, C.J., GREEN, J., and JAMES J. NOONE, District Judge Retired, assigned.

BRISCOE, C.J.: The State appeals the trial court's imposition of a departure sentence when sentencing Jerry Richardson. The State contends the court's reasons for a dispositional departure from the presumptive sentence set forth in the applicable sentencing grid were not substantial and compelling, as required by K.S.A. 1993 Supp. 21-4721(d)(2). We apply the standard of review applicable to a question of law and conclude the sentencing court's consideration of the time elapsed since Richardson's last felony and last person felonies, factors not considered in determining Richardson's placement on the sentencing grid, is a substantial and compelling reason for departure in this case.

As a result of plea negotiations, Richardson pleaded guilty to driving with a suspended license, a third or subsequent conviction in violation of K.S.A. 1993 Supp. 8-262, a severity level 9 nonperson felony. The offense was committed on July 13, 1993. The presentence investigation report revealed Richardson's criminal history included three person felonies, one nonperson felony, one person misdemeanor, and three nonperson or select misdemeanors. The three person felonies were juvenile adjudications committed 14 years earlier when Richardson was 16 years old. The presentence report stated that application of the Kansas Sentencing Guidelines Act (K.S.A. 1993 Supp. 21-4701 *et seq.*) to Richardson's present conviction and past criminal history resulted in his placement within the nondrug grid, 9-A. A 9-A nondrug grid

sentence is a presumptive sentence of 15 to 17 months' imprisonment followed by a postrelease supervision period of 12 months. K.S.A. 1993 Supp. 21-4704.

Richardson moved for a dispositional departure, arguing the presumptive sentence was based upon juvenile adjudications that were 14 years old, the basis for the underlying driver's license suspension was his failure to pay traffic tickets, and his driving with a suspended license in this instance was less heinous than if his license had been suspended for driving while under the influence. At the beginning of the sentencing hearing, the court denied the motion as untimely pursuant to local court rule. Richardson again requested a departure sentence during arguments at the hearing. Over the State's objection, the court granted the request and dispositionally departed from the presumptive sentence. See K.S.A. 1993 Supp. 21-4703(h). Richardson was sentenced to a term of 16 months with potential good time of 3.2 months and postrelease supervision of 12 months. The court then granted Richardson probation for a period of 3 years following 30 days' incarceration in the county jail and also ordered numerous special conditions of probation. The court stated its reasons for the dispositional departure: "Offenses which caused him to fall within the presumed prison sentence category occurred 14 years ago and since that time none of Defendant's offenses have been person or violent crimes and no felony within last 10 years."

I. Standard of review.

As regards appellate review of a departure sentence, K.S.A. 1993 Supp. 21-4721 provides in pertinent part:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

. . . .

"(d) *In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the sentencing grid for a crime, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure:*

(1) *Are supported by the evidence in the record; and*

(2) *constitute substantial and compelling reasons for departure.*

. . . .

(f) The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing." (Emphasis added.)

The State concedes the sentencing court's reasons for departure satisfy 21-4721(d)(1) because they are supported by evidence in the record. The State's challenge goes only to whether the reasons for departure are "substantial and compelling" as required by 21-4721(d)(2). Before this court can determine whether the sentencing court's reasons for departure were substantial and compelling, we must first address the applicable standard of review. The legislative history of the Sentencing Guidelines Act reveals that the Kansas Legislature relied upon the guidelines of Washington, Minnesota, and Oregon when formulating sentencing guidelines for Kansas. While each state's statutory language varies from that used in Kansas, the appellate courts of Washington, Minnesota, and Oregon have all addressed the question of the applicable standard of review when an appeal is taken from a departure sentence.

A. Washington.

The State of Washington enacted guidelines pursuant to its Sentencing Reform Act of 1981 (Wash. Rev. Code § 9.94A.010 et seq. [1994]). The Act allows a sentencing court to depart from the presumptive sentence "if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." Wash. Rev. Code § 9.94A.120(2). The stated purpose of the Act is "to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences," and to

"(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
(2) Promote respect for the law by providing punishment which is just;
(3) Be commensurate with the punishment imposed on others committing similar offenses;

(4) Protect the public;

(5) Offer the offender an opportunity to improve him or herself; and

(6) Make frugal use of the state's resources." Wash. Rev. Code § 9.94A.010.

Wash. Rev. Code § 9.94A.210(4) provides that in reviewing a departure sentence, a Washington appellate court may reverse if it finds:

"(a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient."

Appellate review of a departure sentence is keyed to the above statutory language and involves three determinations:

"First, the appellate court determines whether the trial court's reasons for imposing an exceptional sentence are supported by the record. This is a factual inquiry and the trial court's findings will be upheld unless they are clearly erroneous. [Citations omitted.] Second, the reviewing court determines, 'as a "matter of law," ' whether the trial court's reasons justify an exceptional sentence. [Citations omitted.] Third, the reviewing court must determine whether the trial court abused its discretion and imposed a sentence which was 'clearly excessive' or 'clearly too lenient.' [Citations omitted.]" *State v. Hodges*, 70 Wash. App. 621, 623, 855 P.2d 291 (1993).

When determining whether a sentencing court's reasons are substantial and compelling, the court again stated in *State v. Freitag*, 74 Wash. App. 133, 138, 873 P.2d 548 (1994): "We review the sufficiency of the sentencing judge's reasons as a matter of law."

B. Minnesota.

The State of Minnesota has enacted guidelines containing a purpose statement similar to that of Washington. With regard to departures, the Minnesota guidelines state: "While the sentencing guidelines are advisory to the sentencing judge, departures from the presumptive sentences established in the guidelines should be made only when substantial and compelling circumstances exist." Minn. Stat. Annot. § 244 Appendix (West 1995 Supp.).

In *State v. Harwell*, 515 N.W.2d 105, 109 (Minn. App. 1994), the court stated:

"An upward departure is within the sentencing court's discretion if substantial and compelling aggravating circumstances are present. [Citation omitted.] If the record supports a finding of substantial and compelling circumstances, this court

will not interfere with the sentence 'unless it has a "strong feeling" that the sentence is disproportional to the offense.' [Citation omitted.]"

In *State v. Bauerly*, 520 N.W.2d 760 (Minn. App. 1994), the court applied an abuse of discretion standard when reviewing a departure sentence. The court concluded the sentencing court did not abuse its discretion in imposing a downward durational departure when it cited as grounds for departure the defendant's remorse and noted the amount of money stolen was less than is typical in a case of the same severity level. Thus, unlike Washington, Minnesota appears to give considerable deference to a sentencing court's decision to depart from a presumptive sentence.

## C. Oregon.

In Oregon, review of a departure sentence is governed by Or. Rev. Stat. § 138.222(3) (1994 Supp.):

"In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentences prescribed by the rules of the State.Sentencing Guidelines Board:

(a) Are supported by the evidence in the record; and

(b) Constitute substantial and compelling reasons for departure."

The language of the Oregon statute is nearly identical to K.S.A. 1993 Supp. 21-4721(d).

In *State v. Wilson*, 111 Or. App. 147, 826 P.2d 1010 (1992), the court addressed the standard of review applicable to departure sentences imposed pursuant to Or. Rev. Stat. § 138.222(3). In *Wilson*, defendant pleaded guilty to promoting prostitution. Although the presumptive sentence was 29 to 34 months' incarceration, the sentencing court durationally departed and imposed a sentence of 60 months' imprisonment. Defendant appealed the sentence, arguing the six aggravating factors relied upon by the sentencing court were not substantial and compelling reasons for departure as required by § 138.222(3)(b). Defendant did not argue the reasons justifying departure were not supported by the evidence. The court stated:

"[O]ur review is of the sentencing court's factual basis and reasons for the departure, not the decision *whether* to depart. [Citation omitted.] . . . .

. . . .

"Under ORS 138.222(3)(b), we review whether the *reasons* given by the court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we must remand for resentencing. ORS 138.222(5). If it does, we will not disturb the trial court's exercise of discretion." 111 Or. App. at 149-51.

The court applied a standard of review applicable to a question of law. The court stated it must determine whether the reasons given by the sentencing court measure up to the statutory standard of "substantial and compelling." That is, the sentencing court's explanation and its reasons for departure must demonstrate that "imposition of the presumptive sentence would not accomplish the purposes of the guidelines." 111 Or. App. at 151. In determining whether the purposes of the guidelines have been met, the appellate court would interpret the guidelines and determine as a matter of law the propriety of the sentence imposed.

"Our conclusion is consistent with the legislative history of ORS 138.222(3). Senator Springer provided a summary statement, which is relied on in the commentary to OAR 253-08-001. Review of 'substantial and compelling' is to be comprised of:

'1) The Evidentiary Test: Are the facts stated by the sentencing judge in justification of the departure supported by the record?

'2) The Law Test: Are the reasons stated on the record for the departure adequate to justify a sentence outside the standard range . . . ?' " 111 Or. App. at 151.

In deciding the merits of the case, the *Wilson* court remanded for resentencing because it determined "the [trial] court's explanation of 3 of the combined factors does not demonstrate why the circumstances are exceptional and we cannot tell what sentence the court would have imposed had it found fewer than the 6 factors." 111 Or. App. at 152. That is, the court determined as a matter of law that the reasons did not demonstrate that imposition of the presumptive sentence would not accomplish the purposes of the Oregon guidelines.

In sum, in determining whether a sentencing court's reasons for departure are substantial and compelling, there is authority from other jurisdictions to support either an abuse of discretion or a question of law standard of review.

D. Kansas.

We turn to the applicable Kansas provision, K.S.A. 1993 Supp. 21-4721(d). Subsection (1) requires a review of the sentencing court's findings of fact and reasons justifying departure to determine whether they "[a]re supported by the evidence in the record." This language suggests a substantial competent evidence standard of review. Subsection (2) requires a review of the sentencing court's findings of fact and reasons justifying departure to determine whether they "constitute substantial and compelling reasons for departure." This language suggests a standard of review applicable to a question of law. The appellate court is to determine whether the reasons given for departure rise to the level of "substantial and compelling" when the language and purposes of the Kansas Sentencing Guidelines Act are examined. See *State v. Donlay*, 253 Kan. 132, 133, 853 P.2d 680 (1993) (interpretation of a statute is a question of law).

The Senate Judiciary Committee's minutes do not indicate the legislature's intent regarding appellate review of departure sentences. In the summary of the testimony provided by Ben Coates, Executive Director of the Kansas Sentencing Commission, to the Senate Judiciary Committee, the Commission indicates its intent is to change the standard of review from an abuse of discretion standard to whether the sentencing court has presented substantial and compelling reasons to depart from the presumptive sentence. While this statement does not set forth the applicable standard of review, it is clear the Commission in making its recommendations to the legislature did not intend that an abuse of discretion standard of review would apply to appellate review of departure sentences.

We conclude that when a departure sentence is appealed, 21-4721(d) requires an appellate court to determine whether the sentencing court's findings of fact and reasons justifying departure

(1) are supported by substantial competent evidence and (2) constitute substantial and compelling reasons for departure as a matter of law. By enacting the appellate review language recommended by the Kansas Sentencing Commission, which also mirrors the appellate review language enacted in Oregon, the Kansas Legislature intended the application of the same two-step test most clearly delineated by Senator Springer of Oregon: (1) an evidentiary test: Are the facts stated by the sentencing judge in justification of departure supported by the record? and (2) a law test: Are the reasons stated on the record for departure adequate to justify a sentence outside the presumptive sentence? If an appellate court finds that either test has not been met, the sentencing court has erred in imposing a departure sentence, and resentencing by the sentencing court is required.

Accordingly, under 21-4721(d)(2), we must determine whether, as a matter of law, the sentencing court's findings of fact and reasons justifying Richardson's dispositional departure constitute substantial and compelling reasons for departure. When determining a question of law, an appellate court is not bound by the decision of the trial court. *Donlay*, 253 Kan. at 134.

## II. Substantial and compelling reasons to depart.

The State concedes the facts and reasons for departure are supported by the evidence but argues the trial court's reasons for the departure are not substantial and compelling. K.S.A. 1993 Supp. 21-4716(b)(1) provides:

"Subject to the provisions of subsection (b)(3), the following *nonexclusive* list of mitigating factors may be considered in determining whether substantial and compelling reasons for a departure exist:

(A) The victim was an aggressor or participant in the criminal conduct associated with the crime of conviction.

(B) The offender played a minor or passive role in the crime or participated under circumstances of duress or compulsion. This factor is not sufficient as a complete defense.

(C) The offender, because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. The voluntary use of intoxicants, drugs or alcohol does not fall within the purview of this factor.

(D) The defendant, or the defendant's children, suffered a continuing pattern of physical or sexual abuse by the victim of the offense and the offense is a response to that abuse.

(E) The degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense." (Emphasis added.)

The statute expressly states the departure factors listed are "nonexclusive." Legislative history indicates an expectation on the part of the legislature that more precision in the departure factors will develop over time as Kansas courts establish a common law of sentencing. The legislature recognized that the guidelines are designed to regulate judicial discretion in sentencing but not eliminate it. Moreover, the guidelines contemplate that a sentencing judge will sentence similarly situated offenders within the applicable sentencing grid, but, where an individual is substantially more or less culpable than any other offender with the same criminal history committing the same crime, the sentencing judge may impose a sentence that departs from the presumed sentence set forth in the applicable sentencing grid. In addition,

"no individual should be sentenced to prison solely or primarily to be rehabilitated. However, that general consideration does not mean that rehabilitative factors are always irrelevant in deciding whether to sentence an individual to probation rather than imprisonment. In exceptional cases, the court should be able to consider a defendant's amenability to probation when deciding whether to grant a dispositional departure." Minutes of the Senate Committee on the Judiciary, January 24, 1992.

The State cites *State v. Cizl*, 304 N.W.2d 632 (Minn. 1981), and *State v. Pascal*, 108 Wash. 2d 125, 736 P.2d 1065 (1987), for the proposition that a defendant's criminal history cannot be used as justification for a departure sentence when the sentencing guidelines have already taken the defendant's criminal history into account in determining the presumptive sentence within the grid. While this rule would also apply to the Kansas Sentencing Guidelines Act, the sentencing court remains free to consider factors that a defendant's criminal history does not take into account. Here, the court considered a factor beyond the type and number of offenses in Richardson's criminal history when it noted that the person felonies that placed Richardson in criminal history category A are 14 years old, and that he had not committed a felony of any type for 10 years. By considering the time elapsed since Richardson's last felony and last person felonies, the sentencing

court was using a departure factor not employed in determining Richardson's criminal history.

In determining whether the court's reasons for departure are substantial and compelling, an appellate court's review "shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure: (1) Are supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 1993 Supp. 21-4721(d). An appellate court's review is limited to the findings of fact and reasons justifying departure specifically enunciated by the sentencing court. An appellate court reviewing a sentencing court's reasons for departure will not conduct a broader search of the record to examine all facts available to the sentencing court to determine whether there were substantial and compelling reasons for departure. Accordingly, because the sentencing court did not specifically rely upon Richardson's argument that the facts underlying two of his person felonies were not serious, this court will not address that factor in determining whether departure was proper.

The sentencing court reasoned that the offenses which caused Richardson to fall within a presumptive imprisonment grid box occurred 14 years ago. The court also noted that Richardson had not committed a felony within the past 10 years. The State cites cases which hold that a sentencing court cannot rely upon a defendant's lack of criminal history as a mitigating factor because criminal history is already used to place a defendant in the appropriate sentencing grid and cannot be used twice. Yet, in this case, the court relied upon a factor which the sentencing grid does not take into account, *i.e.*, the time that had elapsed since Richardson's last felony and last person felony convictions.

Because the sentencing grid does not take into account the time elapsed since a defendant's last felony conviction, a sentencing court can consider this factor in sentencing. The time elapsed since a defendant's last felony conviction may provide a substantial and compelling reason for a departure sentence, depending upon the facts of the case. Whether this factor is a substantial and compelling reason for departure must necessarily be viewed in light of the purposes of the guidelines and the facts of the case.

In enacting the guidelines, the legislature intended to reduce prison overcrowding while protecting public safety by creating a distinction between more serious and less serious offenders. In addition, the guidelines were intended to standardize sentences so that similarly situated offenders would be treated the same, eliminating or reducing the opportunity for both racial bias and geographical bias. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994). The present case, however, is atypical. Richardson's prior criminal history, which included three person felonies, resulted in his placement in criminal history category A, the most serious classification. K.S.A. 1993 Supp. 21-4709. Although Richardson's prior person felonies cannot be disregarded when determining his criminal history (K.S.A. 1993 Supp. 21-4710[d][6]), the court was justified in giving weight to the time which had elapsed since Richardson's commission of those felonies. We conclude that given the nonviolent nature of Richardson's current offense and the purposes of the guidelines, the sentencing court did not err as a matter of law when it examined Richardson's criminal history and concluded the time elapsed since Richardson's last felony and last person felonies were substantial and compelling reasons to depart from the presumptive sentence.

Affirmed.