NOT DESIGNATED FOR PUBLICATION

No. 118,108

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

RICHARD E. GUNN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed April 13, 2018. Affirmed.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Richard E. Gunn was convicted of one count of aggravated burglary pursuant to a plea agreement. The State appeals the district court's decision to grant Gunn a durational downward departure to 24 months' imprisonment. The district court cited six reasons to grant the departure. Upon review, we find four of those six reasons collectively sufficient to be substantial and compelling reasons for the district court to grant the downward departure. We affirm.

1

On February 10, 2015, Gunn was charged with aggravated burglary, aggravated battery, burglary of a vehicle, theft, and two counts of criminal damage to property. Gunn entered his ex-girlfriend's apartment, attacked her new boyfriend, broke his phone, and burglarized his car.

In exchange for pleading guilty to one count of aggravated burglary, the State agreed to dismiss the remaining charges. The parties did not reach an agreement on sentencing and the State reserved the right to propose restitution for the dismissed counts in the event Gunn was awarded probation. Gunn pled guilty to one count of aggravated burglary in accordance with the plea agreement.

Sentencing was scheduled for June 22, 2016, but Gunn failed to appear. The district court forfeited Gunn's bond and issued a warrant. Gunn was apprehended on April 6, 2017.

Gunn filed a motion for departure, relying on K.S.A. 2017 Supp. 21-6815(c)(1)(D) as a mitigating factor. K.S.A. 2017 Supp. 21-6815(c)(1)(D) states:

> "(c)(1) Subject to the provisions of subsections (c)(3) and (e), the following nonexclusive list of mitigating factors may be considered in determining whether substantial and compelling reasons for a departure exist:
> . . . .
> (D) The defendant, or the defendant's children, suffered a continuing pattern of physical or sexual abuse by the victim of the offense and the offense is a response to that abuse."

Gunn acknowledges the victim did not abuse him or his daughter. Instead, Gunn claimed his child was sexually abused by the maternal grandfather, which made him "protective

2

regarding which males have contact with his daughter." Gunn explained this protective nature is what led to the incident; ultimately a desire to keep his child away from other males. Gunn further cited the effect his incarceration would have on his child, his age, and his 254 days inside the county jail. Gunn requested a dispositional departure to probation or, alternatively, a durational departure to a 24-month prison sentence.

Based on his criminal history, Gunn's presumptive prison sentence ranged from 53-60 months. Prior to sentencing Gunn, the district court opened the floor for unsworn statements, hearing first from Gunn's significant other. She stated Gunn was a good father, had been helpful with her special needs child, was affected by being away from his daughter, and had "a great support system to help him . . . get his life back on the right track." Gunn's mother spoke, stating Gunn had attended college on an academic scholarship, had a support structure, had employment opportunities, had helped take care of his great grandmother prior to running on bail, and was "not jail material." Gunn spoke on his own behalf, apologized to the victims and his daughter, took responsibility for his actions, and discussed his desire to "start a career in real estate." Gunn stated he believed he had learned his lesson and asked for probation. Alternatively, Gunn requested the reduced sentence of 24 months' imprisonment.

Gunn's attorney claimed this case revolved around Gunn's "love for his daughter" and his overprotective nature after she was sexually abused. Gunn's counsel noted that while Gunn was on the run, he had a job, did not perpetrate any crimes, and "was involved in a relationship." Gunn's counsel requested probation or, alternatively, 24 months' imprisonment. The State pointed out that, at age 27, Gunn already had a C criminal history score. The State contested the claim this case was about Gunn's daughter, instead arguing the case was about who could be with Gunn's ex-girlfriend. The State claimed Gunn never checked on his daughter's well-being while in the apartment, instead directly attacked the victim, knocked him unconscious, and burglarized his car. Further,

3

Gunn did not participate in pretrial supervision and failed to appear for his original sentencing hearing.

The district court granted a departure to 24 months' imprisonment, stating the following in issuing its decision:

"First of all, I appreciate the age of the defendant. The types of crimes that are on his criminal history. I appreciate his apologies and the family support that he has here today. The Court also reviewed a letter that was provided in this case along with the PSI.

"Also, I understand the prosecutor's points as far as the criminal history and the defendant not appearing in this case, which is of concern.

"The Court does find that there are compelling reasons to grant the motion for departure in this case. And believe that justice and equity and the need to rehabilitate the defendant that the Court make those findings. I'm not going to make the finding to probation.

"The Court is going to make the departure and grant that motion and sentence the defendant to 24 months in the Department of Corrections."

The State appealed the departure sentence.

## ANALYSIS

The State acknowledges the district court cited six separate reasons for granting the departure:

- Gunn's age;
- his criminal history;
- his apology;
- family support;
- the necessity to rehabilitate him; and

4

- equity and justice.

The State contends none of the reasons cited for the departure were sufficiently substantial and compelling. Citing *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995), the State argues the district court could not consider the absence or presence of a prior conviction standing alone as a substantial and compelling reason in granting a departure. The State claims family support can never be a substantial and compelling departure reason on its own, citing *State v. Theurer*, 50 Kan. App. 2d 1203, 337 P.3d 725 (2014). Further, the State claims Gunn's age, his criminal history, his apology, his family support, the necessity to rehabilitate Gunn, and justice and equity are not, in Gunn's case, substantial and compelling reasons for a departure.

In this case, the State acknowledges some of the factors cited by the district court for the departure could, under the right factual situation, be substantial and compelling reasons to depart. However, it does not believe the factors are sufficient in this case.

Gunn responds by giving a brief overview of the law surrounding departures. Before reviewing each factor individually, Gunn notes "the district court did not rely on any one single factor for its departure," but he claims his apology could stand alone as a substantial and compelling reason for the departure. Gunn claims all of the factors, taken together, constitute substantial and compelling reasons for the departure.

> "'When we consider whether the record supports an articulated reason for departing, we review for substantial competent evidence. *State v. Spencer,* 291 Kan. 796, 807, 248 P.3d 256 (2011). In contrast, when we determine whether a particular factor can "ever, as a matter of law, be substantial and compelling in any case," our review is unlimited. 291 Kan. at 807. Finally, when the record supports the articulated departure reasons and the articulated reasons are legally valid, we apply an abuse of discretion standard to determine whether a particular mitigating factor constituted a substantial and compelling

5

reason to depart. 291 Kan. at 807.' [*State v.*] *Bird*, 298 Kan. [393, ]397-98[, 312 P.3d 1265 (2013)]." *State v. Reed*, 302 Kan. 227, 249, 352 P.3d 530 (2015).

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

There was no evidence presented supporting a shorter sentence would rehabilitate Gunn. Further, it is unclear what the district court was referring to when it made a finding of "justice and equity."

This leaves us with the four other reasons the district court departed: (1) Gunn's family support; (2) his apology; (3) his age; and (4) his criminal history. One factor, if substantial and compelling on its own, is a sufficient justification for granting a departure motion. *State v. Spencer*, 291 Kan. 796, 815, 248 P.3d 256 (2011). Further, "each mitigating factor standing alone need not be sufficient to justify a departure, if the reasons taken collectively constitute a substantial and compelling basis for departure." 291 Kan. at 815. All four factors combined rise to the level of substantial and compelling.

First, the State is incorrect in stating family support can never stand alone as a substantial and compelling factor. The State draws our attention to the *Theurer* case to support its position. However, *Theurer* states: "[F]amily support *may* only qualify as a substantial and compelling factor when combined with other mitigating factors." (Emphasis added.) 50 Kan. App. 2d at 1236. The State also refers to *Spencer* (which is identical to the quote from the *Theurer* case) where departure was granted in a Jessica's Law case and appears to support a finding that family support can stand alone. See *Spencer*, 291 Kan. at 814-16. The *Spencer* court does not disapprove of the usage of family support as a substantial and compelling reason standing alone. Here, there is

6

substantial and compelling evidence of family support. The finding of family support as a substantial and compelling reason to depart is not an error of fact or law, and it is not a finding no reasonable person would make; it is not an abuse of discretion. This factor, standing alone, is sufficient to uphold the district court's departure decision; however, we will also review the three other factors relied upon by the district court.

Both parties concede Gunn's acceptance of responsibility and remorse can stand alone as a substantial and compelling reason for a departure. The State, however, attempts to discount Gunn's apology, citing *Theurer* and claiming it did not rise to the level of substantial and compelling. This case is easily distinguishable from *Theurer*. In *Theurer*, the defendant was driving under the influence when he drove the wrong way on a road striking another vehicle head-on and killing both occupants. The *Theurer* panel noted Theurer's statements were "remarkable for their brevity and minimization" and he never "admitted that he drank to excess, was intoxicated, or drove recklessly at the time he caused the collision which killed Young and Stanley." 50 Kan. App. 2d at 1233. Here, Gunn specifically apologized to the victims, including his daughter; took responsibility for his actions; and stated he was "ashamed" of his behavior. Further, Gunn stated he knew he "made a mistake" and he understood the charges' severity. Gunn fully accepted responsibility for his actions, did not minimize, and showed remorse. This is a substantial and compelling reason to grant the departure.

As Gunn concedes in his brief, absent the district court articulating its consideration of a "defendant's age in the context of the defendant's relative immaturity," age cannot stand alone as a substantial and compelling reason for departure. *State v. Cato-Perry*, 50 Kan. App. 2d 623, 630-31, 332 P.3d 191 (2014). The district court never mentioned Gunn's immaturity or any elaboration on his age other than it appreciated Gunn's age. Gunn was 25 when the crime was committed and 27 at the time of sentencing, a relatively young age. A reasonable person could easily find this was a factor to be utilized, in conjunction with the other factors cited by the district court, to reduce

Gunn's sentence and grant a departure. The district court's use of Gunn's age in conjunction with the other reasons cited collectively rise to the level of substantial and compelling reasons to depart.

Gunn acknowledges his prior criminal history cannot be utilized as a substantial and compelling reason for departure because it is already factored into the sentencing guidelines. Gunn instead maintains factors outside of his criminal history, but related to it, may be considered. Gunn points to his prior burglary being "based upon wholly unrelated circumstances to the current offense," an issue raised by his counsel at sentencing. It is true a district court may take into account aspects of a defendant's criminal history not taken into account by a criminal history score such as the underlying circumstances of a prior crime. *Reed*, 302 Kan. at 253; *State v. Favela*, 259 Kan. 215, 236, 911 P.2d 792 (1996). There is some indication this may constitute a substantial and compelling reason standing on its own. See *Favela*, 259 Kan. at 236. Gunn's defense counsel distinguished Gunn's prior burglary conviction as an indiscretion involving a dispute over property. The district court clearly relied on defense counsel's assertions regarding the underlying circumstances of Gunn's prior robbery conviction in stating it was taking into account "[t]he types of crimes that are on his criminal history." Regardless of whether this can stand on its own, it can certainly stand as a substantial and compelling reason to depart when combined with the other reasons cited by the district court. See *Reed*, 302 Kan. at 253; *Favela*, 259 Kan. at 236.

Both Gunn's family support and apology, standing alone, constitute substantial and compelling reasons for the departure. Combining them with Gunn's age and the underlying circumstances of his prior crimes, the district court did not abuse its discretion in finding substantial and compelling reasons to grant the departure. The district court did not fully explain its rehabilitation comment or what it meant by justice and equity as factors to depart, and we decline to consider them. Neither rise to the level of being substantial and compelling factors without substantially more detail. The sentence was

not an error of law or fact, and it is not a finding no reasonable person would make. We find no abuse of discretion by the district court.

Affirmed.