NOT DESIGNATED FOR PUBLICATION

No. 118,861

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES M. RODRIGUEZ JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed February 15, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM: Charles M. Rodriguez Jr. appeals the district court's decision to deny his request to modify his sentence upon the revocation of his probation. Rodriguez admitted to the violations and requested that the court impose a modified prison term of 24 months. Rather than imposing the original sentence of 37 months in prison, the district court ordered service of a modified sentence of 30 months. Rodriguez claims the district court should have further modified his sentence to 24 months because the shorter prison term would be significantly more beneficial both to Rodriguez and the community. Given

the facts before the district court, including Rodriguez' multiple failures while on probation, we find no abuse of discretion in the district court's decision.

FACTS AND PROCEDURAL BACKGROUND

On May 28, 2015, Rodriguez pled guilty to one count of violating the Kansas Offender Registration Act pursuant to K.S.A. 2014 Supp. 22-4903(a), (c)(1)(A), a severity level 6 person felony. At the sentencing hearing on August 7, 2015, the district court followed the plea agreement and granted Rodriguez a dispositional departure from the presumed prison sentence. The court sentenced Rodriguez to 37 months in prison, the mitigated duration in the applicable grid box, and granted probation for 24 months.

Less than two months later, Rodriguez stipulated to violating the terms of his probation by consuming alcohol and failing to complete any community service work as ordered. The district court continued Rodriguez on probation and ordered him to serve a two-day jail sanction. In November 2015, Rodriguez again waived his rights and stipulated to violating the terms of his probation, agreeing that he violated the terms of his probation by fraudulently documenting his community service hours. He accepted a three-day jail sanction from his Intensive Supervision Officer (ISO).

Again, for a third time, on March 16, 2016, Rodriguez stipulated to violating the terms of his probation, this time by being arrested for DUI, driving while suspended, refusing to submit to a breath test, unlawfully consuming drugs or alcohol, violating his curfew, and failing to make payments as ordered by the court. The court continued Rodriguez on probation—although incorrectly stating Rodriguez' probation was revoked but "reinstated"—and extended the term for an additional 24 months. The district court also modified the terms of probation, ordering Rodriguez to establish a residence in a clean and sober living establishment, undergo mental health and substance abuse

2

evaluations, and follow treatment recommendations. Finally, the district court ordered Rodriguez to serve a 180-day prison sanction.

On September 1, 2016, Rodriguez stipulated to violating the terms of probation for a fourth time. After Rodriguez had spent almost 30 days in jail awaiting disposition, the district court held a hearing where it was announced a bed at an inpatient treatment facility had been secured. The court ordered Rodriguez to report to inpatient treatment on October 26, 2016, and to reside in an Oxford house for at least 120 days after completing treatment. Rodriguez informed the district court that he had already made plans to stay at Jeremiah house after completing his inpatient treatment.

On March 24, 2017, the district court accepted Rodriguez' stipulation to new violations for a fifth time, including testing positive for cocaine and opiates, being discharged from the Jeremiah house following a verbal altercation with the house manager, and failing to provide his ISO with an updated list of prescribed medications. Rodriguez explained he did not believe his recovery would be furthered if he returned to the Jeremiah house, and he requested his probation be continued with placement at a different facility. The district court granted this request, extended his term of probation for 24 months, and ordered Rodriguez to remain in custody until a new placement was approved by his ISO.

On November 30, 2017, Rodriguez stipulated to violating his probation for a sixth time by failing to report to his ISO as directed, failing to attend cognitive skills class, being removed from the Union Rescue Mission after purchasing opiates from another resident, failing to make court ordered payments, and failing to notify his ISO of his change in address.

At the final violation hearing, Rodriguez requested that he receive a modified prison term of 24 months. In support of his request, Rodriguez noted that several of his

most recent violations were the result of a severe illness, preventing him from meeting with his ISO and attending cognitive skills class. He also pointed to the progress he had made while on probation, including the fact that he remained sober for nearly a year and had completed inpatient and outpatient treatment.

The district court revoked Rodriguez' probation and ordered him to serve a modified sentence of 30 months in prison followed by 24 months of postrelease supervision. The court explained:

> "In the past, I've tipped those scales in your favor. At this point . . . I'm going to find there is an ongoing public safety consideration. Your actions just don't make me comfortable that you won't be committing new crimes in the future. Your actions, especially the being kicked out of the Union Rescue Mission and the purchasing of illegal pills, or at least pills illegal for you to possess, not participating in the education classes made available to you through community corrections. I find that reinstatement of probation would not be in your best welfare or best interest. I will note that you've already had quick dips. Just in case, I made these special findings concerning public safety and not in your best interest or welfare to also circumvent the graduated sanctions track.
>
> "I will impose a modified sentence of 30 months."

Rodriguez timely appeals.

## ANALYSIS

Rodriguez contends the district court's decision not to modify his sentence to 24 months as he requested was unreasonable because he had made a good-faith effort to comply with the terms of his probation and had made some progress that was to be commended.

4

We review the district court's denial of a defendant's request for a modified sentencing following the revocation of probation for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Upon a finding of probation violation after having served required intermediate sanctions, the district court may revoke probation and require the probationer "to serve the sentence imposed, or *any* lesser sentence." (Emphasis added.) K.S.A. 2017 Supp. 22-3716(c)(1)(E). The district court had the discretion to revoke Rodriguez' probation and remand him to serve the full prison sentence that was originally ordered.

Rodriguez makes a public policy argument that K.S.A. 2017 Supp. 22-3716(c)(1)(E) allows the district court to impose a modified sentence to reduce the prison population and protect the public safety by distinguishing between more serious and less serious offenders. See *State v. Richardson*, 20 Kan. App. 2d 932, 943, 901 P.2d 1 (1995). He also points to the fact that this court has previously recognized legitimate penological goals such as retribution, deterrence, incapacitation, and rehabilitation. See *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015), *rev. denied* 304 Kan. 1021 (2016).

To further support his claim that the district court should have reduced his sentence to 24 months, Rodriguez contends he made progress toward recovery during his term of probation and asserts that the State has an interest in his rehabilitation. He argues he is not a dangerous offender and a shorter prison term would allow him to access more treatment and sober-living resources in the community.

Even if we were to find Rodriguez' arguments highly persuasive, we cannot ignore the significant fact that he stipulated to violating the terms of his probation six times and the district court already had imposed the statutory intermediate sanctions required by K.S.A. 2017 Supp. 22-3716(c). The district court initially departed from the presumed prison sentence, giving Rodriguez an opportunity to avoid prison through success on probation and, from sentencing through the date of revocation, the court ordered conditions of probation designed to support Rodriguez in his recovery for substance abuse.

Rodriguez violated the terms of his probation multiple times and in multiple ways, and he had already served intermediate sanctions. After Rodriguez' six violations, the district court still modified his prison term from the original 37 months to 30 months. We cannot find that no reasonable person would have made that decision on sentence modification. And, the modification to 30 months rather than 24 was not based on either an error of law or fact. The district court did not abuse its discretion in denying Rodriguez' request to impose a modified prison sentence of 24 months.

Affirmed.