NOT DESIGNATED FOR PUBLICATION

No. 119,047

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENZEL M. AGGISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 22, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Denzel M. Aggison appeals his sentence following his conviction of one count of aggravated robbery. Aggison claims the district court erred by denying his motion for a dispositional departure and by ordering him to serve a prison sentence. Finding no abuse of discretion, we affirm the district court's judgment.

On June 18, 2017, Aggison and another man robbed a gas station/convenience store in Wichita. Aggison approached the store clerk who was at first standing outside the store, pointed a handgun at the clerk, and ordered him back into the store. Aggison

1

continued to hold the gun on the clerk while the two men conducted the robbery. The store clerk later told the police that he feared for his life. The clerk was able to discreetly push an alarm and police arrived before the men left the store. The police found Aggison and the other man hiding in the back of the store and arrested them.

Two days later, the State charged Aggison with one count of aggravated robbery and one count of kidnapping. The parties later entered into a plea agreement that called for Aggison to plead guilty to aggravated robbery in exchange for dismissal of the kidnapping charge. The State agreed to recommend the mid-number in the appropriate sentencing grid box and for the court to follow the presumption of imprisonment. Aggison was free to argue for any other disposition.

On November 1, 2017, Aggison pled guilty to aggravated robbery according to the plea agreement. The district court ordered a presentence investigation (PSI) report. The PSI report disclosed that Aggison's conviction carried a presumptive sentence of 55 to 61 months' imprisonment.

Before sentencing, Aggison filed a motion for a dispositional and/or durational departure sentence. The motion asserted five substantial and compelling reasons for the court to depart. First, Aggison cited his truthfulness throughout the criminal process and his admission of guilt. Second, he argued that community programs would better serve his reformation efforts and better protect the safety interests of society. Third, he noted that his criminal history included only "minor traffic offenses that are more commonly associated with poverty than with criminality." Fourth, he claimed that he was amenable to probation based on his full-time employment, his enrollment in an outpatient drug treatment program, and his volunteer work with his church. Fifth, Aggison argued that the harm caused by his crime was "less than typical" because no one was physically injured during the robbery and no property was lost.

The district court held a sentencing hearing on December 20, 2017. Aggison's mother and several people from his church spoke at the hearing and asked the court for leniency. Aggison's attorney explained to the court that before the robbery, Aggison had a college scholarship for football that he lost because of injuries. Around the same time, Aggison's girlfriend was facing eviction. The attorney expressed his belief that these events caused Aggison to commit the robbery.

After hearing from both parties, the district court granted Aggison a durational departure and sentenced him to 36 months' imprisonment. But the district court denied Aggison's request for a dispositional departure to probation. When explaining its decision to deny the dispositional departure, the district court recounted the facts in the probable cause affidavit, specifically that Aggison held a gun on the store clerk during the robbery. The district court found that Aggison had committed a violent crime "in terms of the [e]ffect on the victim and the act of putting a gun to someone." The district court concluded its remarks by stating to Aggison: "You are a young man. You'll be a young man when you get out, and it's my sincere hope that you will come out on the other side of this stronger and better." Aggison timely appealed his sentence.

On appeal, Aggison claims the district court erred by denying his motion for a dispositional departure and by ordering him to serve a prison sentence. The State responds that the district court's decision to grant Aggison a durational departure but to deny his request for a dispositional departure "reflected a well-analyzed effort to strike a balance" between what the law required and the leniency that might be warranted under the facts and circumstances of the case.

Jurisdiction is proper before this court as any departure sentence is subject to appeal under K.S.A. 2018 Supp. 21-6820(a), even if the district court granted a partial favorable departure to the defendant. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d

425 (2016). Because the district court granted Aggison a durational departure, but not a dispositional departure, we may consider his claim on appeal.

When the extent of a departure is challenged in a criminal case, the appellate court reviews the district court's decision for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

A "sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2018 Supp. 21-6815(a). "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

Aggison asserts that no reasonable person would have denied his request for a dispositional departure. He lists the goals of penal sanctions: retribution, deterrence, incapacitation, and rehabilitation. See *Graham v. Florida*, 560 U.S. 48, 71, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). Aggison also cites this court's statement that "[i]n enacting the [sentencing] guidelines, the legislature intended to reduce prison overcrowding while protecting public safety by creating a distinction between more serious and less serious offenders." *State v. Richardson*, 20 Kan. App. 2d 932, 943, 901 P.2d 1 (1995). Aggison argues that probation would have better served the goals of penal sanctions and the intent of the Kansas Legislature in enacting the sentencing guidelines.

First, Aggison argues that incarcerating him does not serve the purpose of the Kansas sentencing guidelines. Aggison asserts that his incarceration will not protect the

4

public from dangerous offenders, but he fails to explain this assertion. Aggison believes he is not a violent offender because no one was physically injured during the commission of his crime. But as the district court explained at sentencing, Aggison held a gun on the store clerk during the robbery. Threatening someone in this nature is traumatizing, regardless of whether physical injury occurs. Reasonable people could agree with the district court that Aggison acted dangerously in committing the robbery.

Second, Aggison argues that incarceration does not serve the penological goal of deterrence. Aggison contends that he only committed his crime because of his dire financial situation—he had just lost his college scholarship and his girlfriend was about to be evicted. Aggison points to his employment and support from his family and church. He concludes that probation would be a better deterrent than prison because it will help him maintain the progress he has made with his finances and with the community.

Aggison is correct that prison will likely disrupt the progress he has made toward resolving the issues that led him to commit the crime. But prison will deter Aggison and the public from criminal behavior by signaling to the community that someone who commits a robbery while armed with a weapon is likely to be sent to prison. Moreover, prison will serve the penological goals of retribution and incapacitation by punishing Aggison for his crime and by making it harder to commit additional crimes.

Third, Aggison argues that prison is unnecessary to serve the goal of rehabilitation because he was already taking steps to address his drug problem. After being charged, Aggison began outpatient drug rehabilitation treatment and planned to enroll in other community-based resources. But the record does not show that Aggison's use of marijuana influenced his crime. There is no allegation that he was using marijuana when he committed the crime or that he committed the crime to further his marijuana habit.

The district court considered the factors Aggison cited in his motion for departure and cited many of these factors when granting his request for a durational departure. But the district court did not find the factors substantial and compelling enough to also grant a dispositional departure to probation. A reasonable person could agree with the district court's conclusion that someone who holds a gun on another person to commit a robbery is not a good candidate for probation. Thus, we conclude the district court did not abuse its discretion by denying Aggison's motion for a dispositional departure.

Affirmed.