NOT DESIGNATED FOR PUBLICATION

No. 122,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DAVID CLAYTON MONTGOMERY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed July 24, 2020. Sentence vacated and case remanded with directions.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*James M. Latta*, of Kansas Appellate Defender Office, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: This is an appeal by the State of the sentencing court's grant of a dispositional departure sentence to David Clayton Montgomery. The State claims that Montgomery should have been sent to prison and not placed on probation. We hold that the district court's sole reason for departing is legally insufficient. We vacate Montgomery's sentence and remand for a new sentence.

1

*The case history.*

The charge of aggravated domestic battery arose in May 2019 from a fight between Montgomery and C.G. in a hotel laundry room in Johnson County. A video recording showed Montgomery pushing C.G. up against a wall after she grabbed his cell phone and threw it on the floor. Montgomery put his hand around C.G.'s neck and applied pressure to her throat. When two witnesses entered the laundry room, Montgomery had C.G. pinned up against the wall with his hands around her throat. The State alleged that C.G, momentarily lost consciousness. Montgomery disputed that allegation. Both Montgomery and C.G. had been drinking.

After Montgomery pleaded guilty to aggravated battery, the district court released him on bond and placed him on house arrest until sentencing. Under the plea agreement, the parties recommended an aggravated sentence in the applicable grid box. As a condition of bond, Montgomery was not to have contact with C.G.; the district court entered a no-contact order to that effect.

About 4 months later, the State moved to revoke Montgomery's bond based on a report from a Kansas City, Missouri police officer who had seen Montgomery walking with C.G. at her apartment complex. Although the motion alleged that Montgomery had assaulted C.G., no charges were filed. Finding probable cause that Montgomery had violated the no-contact order, the district court revoked bond and issued a bench warrant for his arrest.

The presentence investigation report revealed that Montgomery had 13 prior convictions. Six of those were unscored adult misdemeanors: four for driving without a license or with a suspended license and two for not having car insurance. Five were adult nonperson felonies from 2014: three burglaries, one theft, and a conviction for making a false information. The last two were 2014 person felonies for robbery and aggravated

2

burglary. These convictions set Montgomery's criminal history score at B. Montgomery agreed with this criminal history.

Under the sentencing guidelines, the presumed sentence was 27- to 31-months' imprisonment. K.S.A. 2018 Supp. 21-6804(a). Montgomery moved for a dispositional departure to probation. The motion alleged several reasons for a departure, including a "lack of recent and significant criminal history."

At the sentencing hearing, the State recommended a 31-month prison sentence because Montgomery had violated bond. The State argued that no substantial and compelling reasons justified a downward departure to probation. The State disputed whether Montgomery's "lack of criminal history or age of criminal history" supported a downward departure. The prosecutor argued Montgomery had "a propensity for violence." For example, one of his 2014 burglary convictions involved an incident in which he entered a home by impersonating a plain-clothes police detective and kicked a victim in the ribs after making the victim get down on the ground. He had been released from postrelease supervision in that case two days before the laundry room altercation with C.G.

Montgomery requested a 60-day jail sanction for the bond violation, with credit for 32 days he had spent in jail since his arrest, followed by probation. Montgomery acknowledged that he had violated bond by contacting C.G. but otherwise denied the allegations in the police report.

The district court imposed a 60-day jail sanction with no credit for the 32 days Montgomery had already served. The court sentenced Montgomery to 31 months in prison—the aggravated number in the grid box. The court suspended the prison sentence and placed Montgomery on 24 months' probation. The court set a postrelease supervision term of 12 months.

3

The district court stated its reason for granting a dispositional departure to probation:

"The determining factor is multiple things in this case. Although the defendant [has] a criminal history score of B, those charges—there are no other domestic violence charges within the criminal history. I understand there were some felonies. There were burglaries as pointed out by the prosecutor. There were a number of other things that were related to license and driving on a suspended as well that make him a B."

*The State argues the court's reason for departing is legally insufficient.*

The State contends that the district court's sole reason for imposing probation rather than imprisonment—that Montgomery had no prior domestic violence offenses—was legally invalid. In the State's view, that reason is not "substantial and compelling" as a matter of law.

The standard of review applicable to the State's argument is well known. Whether a departure factor "can '*ever*, as a matter of law, be substantial and compelling in *any* case'" is a legal question over which this court exercises unlimited review. *State v. Bird*, 298 Kan. 393, 397-98, 312 P.3d 1265 (2013). If the district court failed to state substantial and compelling reasons for a departure, this court must remand the case for resentencing. K.S.A. 2018 Supp. 21-6820(f).

Our sentencing guidelines establish a presumptive sentence based on the criminal history of the offender and the severity level of their crime. The district court must impose that sentence "unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2018 Supp. 21-6815(a). Those reasons could justify an increase (aggravating factors) or a decrease (mitigating factors) in the defendant's sentence. K.S.A. 2018 Supp. 21-6815(c)(1)-(2).

4

Here, we are involved with the mitigating factors used to justify a downward departure. K.S.A. 2018 Supp. 21-6815(c)(1) provides a nonexclusive list of mitigating factors on which the district court may rely to determine whether substantial and compelling reasons to depart exist. But because that list is nonexclusive, district courts may consider other substantial and compelling reasons that justify a departure. A reason is substantial if it is something "'real, not imagined, and of substance, not ephemeral'"; a reason is compelling if it "'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.'" *Bird*, 298 Kan. at 397.

Not all unlisted factors qualify to be considered. A factor may be considered only if doing so matches the purposes of the sentencing guidelines. *Bird*, 298 Kan. at 398-99. Among other things, those purposes include:

- reducing prison overcrowding while protecting public safety; and

- standardizing sentences so similarly situated offenders are treated alike.

298 Kan. at 399-400.

In pursuit of these two goals, our courts have recognized several unlisted factors to be substantial and compelling reasons for a downward departure sentence. For example, a defendant's acceptance of responsibility for the crime can be a mitigating factor. *Bird*, 298 Kan. 393, Syl. ¶¶ 3-4. So can evidence that the defendant poses no threat to society. 298 Kan. at 400-01. And how much time has passed since the defendant last committed a felony can be significant. *State v. Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 5, 901 P.2d 1 (1995). The defendant's age when prior crimes were committed can be a mitigating factor. Statements from victims or their families may likewise support a downward departure. *State v. Heath*, 21 Kan. App. 2d 410, Syl. ¶¶ 3-4, 901 P.2d 29 (1995). Each factor, although not included in K.S.A. 2018 Supp. 21-6815's list of mitigating factors, qualifies as a substantial and compelling reason to impose a downward departure.

But courts have also rejected unlisted mitigating factors. A judge could not depart, for example, simply because he or she weighs the evidence differently than the jury did. *State v. Blackmon*, 285 Kan. 719, Syl. ¶ 4, 176 P.3d 160 (2008). Nor could the sentencing court depart because the defendant is an exceptional person with great potential to benefit society. *State v. Theurer*, 50 Kan. App. 2d 1203, 1223-24, 337 P.3d 725 (2014). And a sentencing court could not rely on an aspect of the defendant's criminal history that the guidelines consider in setting the presumptive sentence. *Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 2.

The court here considered the fact that Montgomery had no prior convictions for a domestic violence offense to be a mitigating factor. The State says this was not a substantial and compelling reason to depart from the presumptive sentence. Montgomery counters that the district court based the departure on a factor this court has long considered substantial and compelling:  the dissimilarity between his prior crimes and his new crime. We hold the State to be correct.

We limit our appellate review of this question to the court's expressed reason for departing—that is, Montgomery having no prior convictions for domestic violence crimes. See *Blackmon*, 285 Kan. at 728. We note first that the mitigating factors set out in K.S.A. 2018 Supp. 21-6815(c)(1)(A)-(F) do not include the lack of a criminal history for committing similar crimes. What is significant is Montgomery's use of violence.

The record discloses that at least one of his prior crimes involved violent acts. In his most recent felony, a 2014 aggravated battery conviction, Montgomery pretended to have a gun and kicked a victim that he forced onto the ground. While that crime was not a domestic aggravated battery, it was a violent crime. Montgomery had been released from postrelease supervision for that crime just a few days before choking his girlfriend. Here, the violence was directed at his girlfriend rather than a stranger during a burglary. While it is true that the 2014 conviction has a different label than the conviction here, the

6

similarity with the violent attack here is startling. But treating that type of label dissimilarity as a substantial and compelling reason to depart, conflicts with the purposes of the sentencing guidelines.

We return to *Theurer* to explain our point. Our court recognized that one of the goals of the Sentencing Guidelines Act was to "'establish sentences that are proportional to the seriousness of the offense and the degree of injury to the victim.'" 50 Kan. App. 2d at 1219. The Legislature has established a goal of our sentencing guidelines that violent criminals go to prison. See *Bird*, 298 Kan. at 399. We cannot reasonably say that Montgomery poses no threat to society as the court did in *Bird*, 298 Kan. at 400-01.

Our court has established a working definition of "substantial" and "compelling" when it comes to the appellate review of departure sentences. In *State v. Rhoades*, 20 Kan. App. 2d 790, 799, 892 P.2d 918 (1995), we defined substantial as "something that is real, not imagined, something with substance and not ephemeral." The court decided that a departure factor is "compelling" when it forces the court "to leave the status quo or go beyond what is ordinary." The lack of domestic violence convictions is neither substantial nor compelling to the extent that it calls for a departure sentence here.

We set aside the sentencing court's finding that there were substantial and compelling reasons to depart. We vacate Montgomery's sentence and remand the case to the district court to impose a new sentence.

Sentence vacated and case remanded with directions.