NOT DESIGNATED FOR PUBLICATION

No. 128,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JAVIER ARANDA GUTIERREZ JR.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; STEVEN JOHNSON, judge. Submitted without oral argument. Opinion filed November 21, 2025. Sentence vacated and case remanded with directions.

*Natalie Chalmers,* principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellant.

No appearance by appellee.

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: The district court has twice determined that Javier Aranda Gutierrez Jr. (Aranda) should receive a durational departure sentence for his 2022 felony drug conviction. However, at both sentencing hearings, the district court failed to make the proper findings on the record, and the State appealed. After the first remand the district court corrected some of the appellate panel's concerns from the first sentencing hearing—but it failed to identify on the record the substantial and compelling reasons for its departure sentence. That failure resulted in the present appeal.

1

The State is correct that the district court made an error of law when it failed to state on the record at sentencing the substantial and compelling reasons supporting its departure sentence as required by K.S.A. 21-6815(a). Aranda's sentence is once again vacated and the case is remanded for resentencing in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2021, Aranda was charged with 6 felonies, including possession of methamphetamine with the intent to distribute within 1,000 feet of school property under K.S.A. 2021 Supp. 21-5705(a)(1), (d)(3)(C), and (d)(5). The State later dismissed the 5 other felonies in exchange for Aranda's guilty plea for felony possession of methamphetamine with the intent to distribute within 1,000 feet of school property in Case No. 21-CR-459.

Several months before sentencing, Aranda moved for dispositional departure, which the State opposed. At the sentencing hearing on July 8, 2022, the district court denied the dispositional departure but granted Aranda a durational departure so that the sentence would be similar to one for a nonenhanced or lower-level charge. The court explained its decision as follows:

"All right. Well, there are some concerning items here. But I think I am going to grant a durational departure and sentence this under a Level 2 as opposed to a Level 1 drug felony, which basically would be the equivalent of—obviously it doesn't appear that he was actually accused of selling to someone at the school or near the school based on the facts that we have presented in the allegations."

The district court imposed the mitigated sentence of a level 2 felony and sentenced Aranda to a 122-month prison sentence.

2

Aranda appealed, and the State cross-appealed. After its review, a panel of this court found the district court's stated reasoning negated the purpose of the statutory enhancement. *State v. Aranda*, No. 125,432, 2023 WL 3912875, at *4 (Kan. App. 2023). Accordingly, the panel affirmed the district court's denial of Aranda's motion for a dispositional departure, reversed the district court's grant of a durational departure, and remanded the case for resentencing. 2023 WL 3912875, at *4.

On remand, the district court addressed the appellate panel's concern and then granted the same departure. The court explained that it did not believe its prior ruling was clear that it "was granting the durational departure on the basis of granting a durational departure," implying that it was not intended to negate the charged enhancement but "simply chose to use a lower-level crime to come up with the" sentence amount. The court clarified that it did not intend to make "any type of finding that it was inappropriate for [Aranda] to be charged" with the enhancement of selling drugs within 1,000 feet of a school. To be clear, the district court stated, "I'm granting the durational departure based upon the other findings that allow the Court to grant a durational departure."

The journal entry stated that the departure was imposed based on the "reasons stated in the Defendant's motion." Those reasons included the following:

> "a. Almost half of Defendant's prior convictions are drug related demonstrating abuse issues. Defendant has been clean for years and community based support systems exist to enable the Defendant to remain clean on probation.
> "b. Almost half of Defendant's prior convictions are driving related.
> "c. Other than a single misdemeanor conviction, the Defendant hasn't been in trouble for about 5 years showing an ability to live in the community.
> "d. Defendant's prior person felonies are over 20 years old.
> "e. Defendant has served a significant amount of time in custody for this matter resulting in an awareness of his bad choices and a desire to obtain treatment and live in the community."

3

The State again appeals the district court's durational departure. This time, rather than alleging the court improperly disregarded the charged enhancement, the State argues the court failed to properly identify the substantial and compelling mitigating factors supporting its decision. Aranda did not respond.

The Kansas Sentencing Guidelines Act (KSGA) generally provides a presumptive sentencing range that courts use in determining a defendant's sentence. K.S.A. 21-6804; K.S.A. 21-6805. Under certain circumstances, when a court finds "substantial and compelling reasons," it may impose a departure sentence outside the presumptive range. K.S.A. 21-6815(a). That departure sentence must be "proportionate to the severity of the crime of conviction and the offender's criminal history." K.S.A. 21-6818(b)(1). A substantial and compelling reason to depart from a presumptive sentence is a reason that "is real, not imagined, and of substance, not ephemeral" and which forces a court "to abandon the status quo and venture beyond the presumptive sentence." *State v. Morley*, 312 Kan. 702, Syl. ¶¶ 3-4, 479 P.3d 928 (2021).

The KSGA contains a nonexclusive list of factors that courts may rely on for a departure sentence, but courts may also consider other nonstatutory mitigating factors that are consistent with the principles underlying the KSGA. K.S.A. 21-6815(c)(1); *State v. Montgomery*, 314 Kan. 33, 38, 494 P.3d 147 (2021). However, the court may not consider a mitigating factor that has already been taken into account through the sentencing guidelines. 314 Kan. at Syl. ¶ 1. Once a district court finds substantial and compelling reasons for a departure sentence, it then has discretion to determine the extent of that departure. *Morley*, 312 Kan. at 711. When imposing a departure sentence, the court must state on the record the substantial and compelling reasons supporting the departure sentence. K.S.A. 21-6815(a).

This court generally reviews a grant of a departure sentence under an abuse of discretion standard. *Morley*, 312 Kan. at 711. "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). However, to the extent the State claims the court improperly relied on factors that were not substantial and compelling, that is a question of law subject to de novo review. *State v. Whitesell*, 270 Kan. 259, 293, 13 P.3d 887 (2000). See also *Morley*, 312 Kan at 711.

The State contends the district court made an error of law when it failed to make any finding *on the record* to support the departure sentence. The State is not currently appealing the appropriateness of the departure sentence but rather the lack of identified findings supporting the decision.

The statute permitting departure sentencing requires that the sentencing judge "shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 21-6815(a). The substantial and compelling factors may be those identified in the statute or other nonstatutory factors. K.S.A. 21-6815(c)(1). For example, considerations such as the defendant's acceptance of responsibility, the victim's request for leniency, family support, evidence the defendant is not a threat to society, and the time since a prior felony conviction have all be accepted as nonstatutory mitigating factors that a sentencing judge may consider in imposing a departure sentence. See *Morley*, 312 Kan. at 711-12 (acceptance of responsibility); *State v. Bird*, 298 Kan. 393, 398-401, 312 P.3d 1265 (2013) (acceptance of responsibility and low danger risk); *State v. Hines*, 296 Kan. 608, 617-19, 294 P.3d 270 (2013) (victim's request for leniency); *State v. Spencer*, 291 Kan. 796, 814, 818, 248 P.3d 256 (2011) (support of family and friends); *State v. Richardson*, 20 Kan. App. 2d 932, 942-43, 901 P.2d 1 (1995) (elapsed time since past criminal activity). No matter the substantial and compelling reason the court relied on, it must identify the reason on the record and cannot merely

5

refer to either party's motion or identify reasons in the journal entry. *Whitesell*, 270 Kan. at 294.

The State correctly notes the district court failed to identify on the record the statutory or nonstatutory factors it relied on in granting the departure sentence. Rather, the court stated it relied on the reasons in Aranda's motion for departure and highlighted that the PSI report and criminal history score justified a durational departure. Unfortunately, that is not enough. The district court must make its findings of substantial and compelling reasons for departure clearly known on the record. K.S.A. 21-6815(a): *Whitesell*, 270 Kan. at 293-94.

CONCLUSION

The district court erred when it failed to identify substantial and compelling reasons for its departure sentence on the record at sentencing. Therefore, Aranda's sentence is vacated and remanded for resentencing. On remand, the district court may rely on the record or seek additional evidence. Then, if it determines a durational departure sentence is warranted, the district court must identify on the record the substantial and compelling reasons relied on for its decision.

Sentence vacated and case remanded with directions.